UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61329-CIV-ROSENBAUM/SELTZER

OLVIN REYES and MARLON CLAROS,
et al.,

      Plaintiffs,

v.

JA & M DEVELOPING CORP.,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, DENYING JOINT MOTION TO TRANSFER, AND INSTRUCTING PLAINTIFF TO FILE AMENDED COMPLAINT**

This matter is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue ("Motion to Dismiss") or, in the Alternative, Agreed Motion to Transfer Venue ("Motion to Transfer") [D.E. 7].[1] The Court has reviewed the Parties' Motions and the case file and is otherwise fully advised in the premises. For the reasons set forth below, the Court **DENIES** Defendants' Motion to Dismiss, **DENIES** the Parties' Motion to Transfer, and directs Plaintiff to **AMEND** its Complaint in light of the information discussed below.

## I. Background

On July 3, 2012, Plaintiffs filed a Complaint [D.E. 1] in the Fort Lauderdale Division of this Court seeking to recover, among other things, unpaid compensation and damages under the Fair Labor Standards Act ("FLSA"). Plaintiffs' Complaint asserts jurisdiction under 29 U.S.C. §216(b)

---

[1] Defendant has combined its own Motion to Dismiss with a joint Motion to Transfer into a single filing. The Court will treat these as two separate motions.

of the FLSA but does not make any specific assertions as to venue. D.E. 1 at 1. The Complaint does allege that Plaintiffs are residents of Miami-Dade County, Florida, that Defendant is a "Florida Profit Corporation engaged in business in Florida with a principal place of business in Florida," and that Defendant is "located" in Broward County, Florida. D.E. 1 at 2. In addition, the Complaint alleges that Plaintiffs worked for Defendant, but it does not specify where this work occurred. D.E. 1 at 2-4.

On July 26, 2012, Defendant filed its Motion to Dismiss combined with an alternative joint Motion to Transfer [D.E. 7]. Defendant's Motion to Dismiss asserts that Plaintiffs' Complaint fails to allege a sufficient factual basis for venue in either the Southern District of Florida generally, or the Fort Lauderdale Division more specifically. D.E. 7 at 1-2. According to Defendant, the alleged lack of factual basis for venue requires dismissal of the Complaint under 28 U.S.C. § 1406(a). D.E. 7 at 1. In support of its Motion, Defendant first points out that Plaintiff's Complaint fails to state the county where Defendant corporation "resides" for purposes of venue, arguing that listing Florida as the "principal place of business" is too broad. D.E. 7 at 3-4. Defendant then argues that Plaintiffs' statement that Defendant is "located" in Broward County is not the same as asserting residence, and in any event, is incorrect because Defendant reveals its principal place of business to be in Miami Lakes, Florida, in Miami-Dade County. D.E. 7 at 4. This revelation is included in both Defendant's Motion and an attached affidavit signed by Defendant's President. D.E. 7 at 4, D.E. 7-1.

Defendant then advances an alternative argument under 28 U.S.C. 1391(b)(2) that Plaintiffs have failed to allege where a "substantial part of the events or omissions giving rise to the claim occurred" and thus cannot establish venue that way, either. D.E. 7 at 4-5. In particular, Defendant states that Plaintiffs worked on Defendant's Sunrise Harbor Parking Garage Project in Miami Beach, Miami-Dade County, Florida, only. D.E. 7 at 5; D.E. 7-1 at 1.

Defendant includes with its Motion to Dismiss a joint Motion to Transfer Venue from the

Fort Lauderdale Division to the Miami Division of this Court, pursuant to either 28 U.S.C. § 1406(a) or 28 U.S.C § 1404.[2] Defendant's arguments, though, focus primarily on § 1404. *See* D.E. 7 at 5-7. Defendant first notes that it has secured the agreement of Plaintiffs for a transfer to the Miami Division under § 1404(b). D.E. 7 at 6. In this regard, Defendant suggests that transfer under § 1404(a) is appropriate because the action might have been properly brought in the Miami Division. D.E. 7 at 6. Defendant supports its request for transfer under § 1404 by asserting that the Miami Division is more convenient for the parties and witnesses because all parties reside in Miami-Dade County, the events giving rise to the Complaint all occurred in Miami-Dade County, witnesses are more likely located in Miami-Dade County, and counsel for both parties are located in Miami-Dade County and can less expensively travel to the Miami courthouse. D.E. 7 at 7.

On August 8, 2012, Plaintiffs filed a Response [D.E. 8] to Defendant's Motions. In their Response, Plaintiffs reiterate their agreement with the joint Motion to Transfer to the Miami Division. D.E. 8 at 2. Plaintiffs also point out that Defendant has raised no other grounds for dismissal besides improper venue. D.E. 8 at 1. Consequently, Plaintiffs move that this Court grant the Transfer Motion and deny as moot Defendant's Motion to Dismiss. D.E. 8 at 2.

## II. Discussion

Questions of venue in the district courts are governed by statute. 28 U.S.C. § 1391. Specifically, venue is proper when a civil action is brought in "a judicial *district* in which any defendant resides . . . ." *Id.* § 1391(b)(1) (emphasis added). For purposes of venue, incorporated entities are "deemed to reside, if a defendant, in any judicial *district* in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." *Id.* §

---

[2]Although the introduction and headings of Defendant's Motion to Transfer indicate that Defendant seeks a transfer under § 1404(a), Defendant offers arguments under both § 1404(a) and § 1404(b).

1391(c)(2) (emphasis added). Propriety of venue is, by statute, concerned with the judicial district, not the divisions within a judicial district. Prior to 1988, appropriate divisional venue was also required. *See Johnson v. Lewis*, 645 F. Supp. 2d 578, 580 (N.D. Miss. 2009) (discussing history and repeal of divisional venue statute, 28 U.S.C. § 1393). With the adoption of the Judicial Improvements and Access to Justice Act in 1988, however, Congress repealed the statutory requirement for divisional venue and left the matter to the district courts' local rules. *Id.*; 28 U.S.C.A. § 1393 (Editor's Note), *repealed by* Pub. L. No. 100-702, 102 Stat. 4664. Accordingly, the Local Rules of this Court generally provide for actions to be tried in the county where they originate but permit "any civil or criminal proceeding" to "be conducted at any jury division with the District" for a variety of reasons, including the status of the docket. Local Rule 3.1, S.D. Fla. Thus, venue in this District is not strictly tied to the individual Divisions of the District.

If a defendant feels that venue is improper, it may assert that defense under Federal Rule of Civil Procedure 12(b)(3). *See Hemispherx Biopharma, Inc. v. Midsouth Capital, Inc.*, 669 F. Supp. 2d 1353, 1356 (S.D. Fla. 2009). The Complaint itself is not required to include allegations showing venue to be proper. *Edwards v. Auto Showcase Motorcars of Palm Beach, LLC*, No. 09-80932-CIV, 2010 WL 1524289, at *3 (S.D. Fla. Apr. 14, 2010). Once venue has been challenged, the burden falls on the plaintiff to show that the venue selected is proper. *See Hemispherx*, 669 F. Supp. 2d at 1356 (*citing Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)); *Wai v. Rainbow Holdings*, 314 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). A plaintiff's allegations are taken as true unless controverted by a defendant. *Delong*, 840 F.2d at 845. Additionally, "a court may consider matters outside the pleadings, and often must do so, since without aid of such outside materials the court would be unable to discern the actual basis, in fact, of a party's challenge" to venue. *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317,

4

1320 (S.D. Fla.2000). These outside materials may include affidavit testimony. *Wai*, 314 F. Supp. 2d at 1268. If the court concludes that venue is improper, it must either dismiss the case or, in the interests of justice, transfer the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer in the interests of justice is discretionary in the Eleventh Circuit. *See Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 817 (11th Cir. 2006) (*citing Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982)) (noting the Eleventh Circuit has only required transfer under § 1406(a) in the "limited situation when a party was directed by a government official to file in the incorrect court and the case was time-barred").

If, however, venue is proper, a transfer to another district or division may still be available to the parties under 28 U.S.C. § 1404. *See Story v. Purdy*, No. CA 06-0224-C, 2006 WL 2374841, at *4 n.5 (S.D. Ala. Aug. 16, 2006) ("Section 1404(a) presupposes that the district where the case is filed is a less convenient, yet proper, district to pursue the action; [and where] venue is improperly laid . . . transfer of the case is governed by § 1406(a)."). A court may transfer a case to another district or division "for the convenience of parties and witnesses, in the interest of justice . . . ," 28 U.S.C. § 1404(a), or to another division within a district "[u]pon motion, consent or stipulation of all parties . . . ," 28 U.S.C. § 1404(b). The operative word here, though, is "may." Intradistrict transfers are permissive and, as under § 1406, left to "the discretion of the court." *Id.*

The Eleventh Circuit has listed a number of factors to assist courts in exercising their discretion regarding a transfer under § 1404(a), *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005), and courts have applied the same analysis to transfers under 1404(b) as well, *see AGSouth Genetics LLC v. Georgia Farm Servs. LLC*, No. 3:09-CV-93 (CDL), 2009 WL 4893588, at *2 (M.D. Ga. Dec. 9, 2009). This analysis includes examining the following factors:

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative

ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel*, 430 F.3d at 1135 n.1.

**A. Defendant's Motion to Dismiss**

At the outset, Defendant's Motion to Dismiss for improper venue fails because venue is proper in the Southern District of Florida. The Court is able to reach this conclusion largely based on the information Defendant provides in its Motion and supporting affidavit. As Defendant correctly points out, the factual allegations in Plaintiffs' Complaint, even if taken as true to the extent the Court can, *see Delong*, 840 F.2d at 845, fail to establish a prima facie basis for venue in the Southern District of Florida. Specifically, the assertion that Defendant's principal place of business is Florida generally and the lack of details about where Plaintiffs worked are insufficient to establish venue in this District. The Court's inquiry into venue, however, is not confined to Plaintiffs' Complaint but may take account of other materials, including the information provided in Defendant's Motion and the affidavit submitted along with it. *See Wai*, 314 F. Supp. 2d at 1268; *Webster*, 124 F. Supp. at 1320. Thus, by Defendant's own admission, venue is proper in the Southern District of Florida because Defendant's principal place of business lies within this District, and the events giving rise to this litigation occurred within this District. D.E. 7-1.

By supporting its own Motion to Dismiss for improper venue with an affidavit fatal to the Motion, it appears to this Court that Defendant may also have been trying to assert that venue was improper in the Fort Lauderdale Division of this Court. As noted above, though, the propriety of

venue, either under statute or this Court's Local Rules, relates only to the district and not to the divisions within a district. *See* 28 U.S.C. § 1391; Local Rule 3.1, S.D. Fla.; *Johnson*, 645 F. Supp. 2d at 580. As venue is proper in the Southern District of Florida, the Defendant's Motion to Dismiss must be denied.

**B. Parties' Joint Motion to Transfer**

The Court now turns to the joint Motion to Transfer. First, the Court notes that under the Local Rules, any civil proceeding can be held at any Division within this District, and the decision to transfer a case within the District is discretionary. Local Rule 3.1, S.D. Fla; 28 U.S.C. § 1404(b). Because this Court finds that venue is proper, the Motion to Transfer is appropriately considered under § 1404, rather than § 1406(a). *See Story*, 2006 WL 2374841, at *4 n.5. As noted above, courts apply the same factors when weighing convenience and justice under § 1404(a) or deciding to exercise their discretion under § 1404(b). *AGSouth Genetics LLC*, 2009 WL 4893588, at *2.

Here, the parties have failed to establish a factual basis for this Court to conclude that a transfer of roughly thirty miles from Fort Lauderdale to Miami would reap significant advantages in terms of convenience. Beyond the conclusory assertion that Miami would be more convenient because all the parties and counsel are located in Miami-Dade County, they have offered no specific facts indicating that proceedings in Fort Lauderdale would be unduly burdensome or in any way tax the means of the parties. Beyond speculating that most witnesses are probably located in Miami-Dade, the parties have not provided any specifics on undue inconvenience for any witnesses nor suggested that any witnesses would be beyond the reach of compulsory process issued by this Court, such as being forced to travel more than 100 miles under subpoena. *Cf.* Fed. R. Civ. P. 45(c)(3)(A) (requiring courts to quash subpoenas that require a witness to travel more than 100 miles). Nor have the parties offered any facts explaining why it is necessary to be near the work site described in this

case. They similarly fail to assert that their access to any documents or other sources of proof will be constrained if the case is not transferred. Since the parties have not established a factual basis for increased convenience in their Motion, this Court declines to exercise its discretion to transfer the case to the Miami Division.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue [D.E. 7] is **DENIED**. Parties' Alternative Agreed Motion to Transfer Venue [D.E. 7] is **DENIED**. In light of the information provided by Defendant, Plaintiffs are directed to **AMEND** their Complaint to more accurately state the basis of venue in the Southern District of Florida.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 17th day of August 2012.

                    **ROBIN S. ROSENBAUM**
                    **UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of record